UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| RONALD ANTONIO ROSEBUD, | ) | |
| Plaintiff, | ) | Civil No. 5:13-cv-00153-GFVT |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, | ) | **&** |
| Acting Commissioner Of Social Security, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on several motions for attorneys' fees filed on behalf of Plaintiff Ronald Antonio Rosebud. Over the course of his Social Security Appeal, Mr. Rosebud was represented by two separate attorneys, both of which now request fees for their work. For the following reasons, the Court **grants** the petition for fees attributable to Mr. Richards's work but **denies** the petitions for fees attributable to Mr. Cybriwsky's work.

**I**

Mr. Rosebud filed an application for supplemental security income (SSI) on July 5, 2011, alleging disability due to HIV, bipolar disorder, and schizophrenia. [R. 52 at 1.] Previously, he had been awarded benefits in 1994, but was incarcerated sometime around 2011. *Id*. His application was denied, and he was unsuccessful in his administrative appeals process. *Id*. at 1–2. Mr. Rosebud filed his action in this Court on May 29, 2013. [R. 1.] Ultimately, on March 31, 2015, this Court found that the Administrative Law Judge's failure to inquire into his previous award of benefits and the *res judicata* effect of that award was reversible error. [R. 52 at 6.] The ALJ's denial of Mr. Rosebud's benefits was reversed and the case remanded for further proceedings. [R. 54.]

When Mr. Rosebud filed his complaint in 2013, he was represented by Wolodymyr Cybriwsky. [R. 1.] However, on September 26, 2014, Mr. Cybriwsky was sanctioned by United States District Judge Joseph M. Hood for failure to comply with the Court's Standing Scheduling Order for Social Security Actions in various cases. [R. 26.] As part of that Order, Mr. Cybriwsky was ordered to file a Notice of Sanction in all other cases in which he appeared as counsel of record. *Id*. at 4. In these sanctions, Judge Hood required him to withdraw as counsel and find a suitable replacement within ten days, and Judge Hood further barred him from serving as counsel of record in the Eastern District of Kentucky for one year. [R. 27.] Moreover, Mr. Cybriwsky failed to timely notify this Court of his sanctions as ordered by Judge Hood. [R. 26 at 4; R. 28.] Accordingly, this Court ordered his removal as counsel of record in this matter and directed Mr. Cybriwsky to assist Mr. Rosebud in finding substitute counsel. [R. 27.]

Because of Mr. Rosebud's incarceration, Mr. Cybriwsky initially had some difficulty in finding substitute counsel. [R. 34.] However, on December 20, 2014, Hon. E. Douglas Richards began his representation of Mr. Rosebud. [R. 37.] Mr. Cybriwsky had previously filed a Motion to Remand this matter [R. 11], but Mr. Richards sought a new briefing schedule [R. 41] and filed a new Motion for Summary Judgment [R. 43]. Now, Mr. Rosebud has filed motions requesting attorney's fees and expenses for both Mr. Cybriwsky and Mr. Richards. [R. 55; R. 56; R. 61.]

**II**

The Equal Access to Justice Act (EAJA) permits a litigant to recover attorneys' fees and expenses from the United States if that litigant is a "prevailing party," if the position of the United States was not "substantially justified," and if there are no special circumstances warranting a denial of fees and/or costs:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to

> any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(a); *Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990). A "prevailing party" is one who succeeds on a significant issue "which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby¸* 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). For the Government's position to be "substantially justified," the position must be "justified to a degree that could satisfy a reasonable person," meaning that the position has a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (6th Cir. 1988).

## A

The Court first turns to Mr. Rosebud's request for $3,462.50 in attorney's fees incurred for Mr. Richards's work. This amount is based on 27.7 hours of work at a rate of $125 per hour. [R. 56-1 at 3.] The Commissioner does not object to this request but does object to Mr. Rosebud's desire for the fees to be paid directly to Mr. Richards. [R. 58.] The Commissioner did not waive the requirements of the Anti-Assignment Act, which permits assignment of the claim only after the claim is allowed and the amount of the claim is determined. 31 U.S.C. § 3727. Because Mr. Rosebud initially did not submit a signed, valid fee assignment, the Commissioner objected to paying the fee directly to Mr. Richards. [R. 58 at 4.] Mr. Rosebud subsequently submitted a document purporting to assign this claim to Mr. Richards, however, the Commissioner still has not waived the requirements of the Anti-Assignment Act, and therefore, any assignment of this claim is void. [R. 63 at 2.] Accordingly, Mr. Rosebud's request for fees relating to Mr. Richards's work is granted, but the fees are to be paid directly to Mr. Rosebud

and not Mr. Richards.

## B

### 1

Mr. Rosebud also submitted requests for fees based on the work performed by Mr. Cybriwsky. Initially, Mr. Rosebud sought a total of $6,465.00 pursuant to the EAJA, based on 43.1 hours of work at a rate of $150 per hour. [R. 55-1 at 4.] Under the EAJA, fees for an attorney are caped at $125 per hour, unless the prevailing market rate justifies an increase. 5 U.S.C. § 504(b)(1)(A); 28 U.S.C. § 2412(d)(2)(A). The motion, filed by Mr. Cybriwsky, argued that a higher rate was justified due to the increased cost of legal services. [R. 55-1 at 3.] The Commissioner objected to paying any fees for Mr. Cybriwsky's work at all, but in the alternative, argued that a rate of $125 per hour was sufficient and that Mr. Cybriwsky's number of hours should be reduced, as he billed for clerical tasks at an attorney's rate. [R. 57.]

The Commissioner does not argue that Mr. Rosebud is not a "prevailing party," nor does the Commissioner argue that the Government's position was "substantially justified." Instead, the Commissioner argues that Mr. Cybriwsky's work did not result in Mr. Rosebud's success. [R. 57 at 3.] Mr. Rosebud achieved a successful determination only after he was represented by Mr. Richards, who submitted his own pleadings and conducted his own research. The matter was remanded based on Mr. Richards's pleadings, not based on any motions made by Mr. Cybriwsky. [R. 52.] The Commissioner further notes that requiring them to pay EAJA fees for Mr. Cybriwsky's work would, in essence, punish the Government for Mr. Cybriwsky's suspension, as the Government also must pay attorney's fees resulting from the work of Mr. Richards. [R. 57 at 5.]

Once a Court determines a litigant is a prevailing party and the Government's position

4

was not substantially justified, the Court must award attorney's fees unless the Government may demonstrate special circumstances making that award unjust. *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 506 (6th Cir. 1998). Here, the Court agrees that awarding fees for Mr. Cybriwsky's work would be unjust. First, Mr. Rosebud succeeded on the basis of Mr. Richards's work, not Mr. Cybriwsky's. Additionally, Mr. Rosebud only needed to hire Mr. Richards after Mr. Cybriwsky's behavior resulted in both his removal from the case and his sanctioning in the Eastern District of Kentucky. The Court agrees that requiring the Government to pay fees related to both the work of Mr. Richards and the duplicated work of Mr. Cybriwsky results in penalizing the Government for the suspension of Mr. Cybriwsky. The Court finds this to be unjust and denies the request for Mr. Cybriwsky's fees under the EAJA.

**2**

After a final decision in Mr. Rosebud's case, an additional motion was filed requesting attorney's fees based on Mr. Cybriwsky's work, this time requesting twenty-five percent of Mr. Rosebud's awarded backpay pursuant to 42 U.S.C. § 406(b). [R. 61-1 at 6.] Under 42 U.S.C. § 406(b), an attorney who successfully represents a claimant may receive up to twenty-five percent of the total past-due benefits for the attorney. *Lewis v. Sec. of Health & Human Sevs.*, 707 F.2d 246, 247 (6th Cir. 1983). Here, Mr. Cybriwsky did not successfully represent his client, as Mr. Rosebud did not succeed on any claims until after Mr. Richards took over representation. Mr. Rosebud and Mr. Cybriwsky did enter into a fee agreement contract; however, it was Mr. Cybriwsky's conduct, not Mr. Rosebud's, that led to termination of Mr. Cybriwsky as counsel. "While a lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar." *Lewis*, 707 F.2d at 250

(quoting *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966)). Here, the Court does not find that Mr. Cybriwsky's representation led to a successful result for Mr. Rosebud, nor does the Court find that Mr. Rosebud should be held accountable for fees for both Mr. Cybriwsky and Mr. Richards, when he bore no fault in the termination of Mr. Cybriwsky's representation.

The Commissioner submitted a response to the motion, objecting to the award amount used to calculate the twenty-five percent contingency fee. [R. 64.] However, as the Court has now found that such a contingency is inappropriate, the Court need not determine the statutory cap on such a fee award.

## III

Accordingly, and for the reasons previously stated, it is hereby **ORDERED** as follows:

1. Plaintiff Ronald Antonio Rosebud's Motion for Attorney's Fees for Work of Wolodymyr Cybriwsky pursuant to 28 U.S.C. § 2412 [**R. 55**] is **DENIED**;

2. Plaintiff Ronald Antonio Rosebud's Motion for Attorney's Fees for Work of E. Douglas Richards [**R. 56**] is **GRANTED**;

3. The Commissioner **SHALL PAY $3,462.50** in attorney's fees to Mr. Rosebud for the work of Mr. E. Douglas Richards; and

4. Plaintiff Ronald Antonio Rosebud's Motion for Attorney's Fees for Work of Wolodymyr Cybriwsky pursuant to 42 U.S.C. § 406 [**R. 61**] is **DENIED**.

This the 14th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge